UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH B. SINGLETARY,

                Plaintiff,

      v.                                    DECISION & ORDER

                                              07-CV-6025-CJS

MICHAEL J. ASTRUE, COMMISSIONER
OF SOCIAL SECURITY

                Defendant.

---

**APPEARANCES**

For Plaintiff:                       Paul D. Kelly, Esq.
                                      Teresa Marie Pare, Esq.
                                      Davidson, Fink, Cook, Kelly & Galbraith, LLP
                                      28 East Main Street Suite 1700
                                      Rochester, NY 14614
                                      (585) 546-6448

For the Commissioner:          Christopher V. Taffe, A.U.S.A.
                                      U.S. Attorney's Office
                                      100 State Street, Room 620
                                      Rochester, NY 14614
                                      (585) 263-6760, ext. 2226

**INTRODUCTION**

Plaintiff Joseph S. Singletary brings this action pursuant to the Social Security Act, (codified in relevant parts at 42 U.S.C. § 401 et. seq. and 42 U.S.C. § 1381 et. seq.) claiming that the Commissioner of Social Security improperly denied his application for disability insurance benefits. Specifically, Plaintiff alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous and not supported by the substantial evidence contained in the record, or was contrary to law.

The Commissioner now moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in

accordance with applicable law. Plaintiff opposes Defendant's motion and has cross-moved for judgment on the pleadings. For the reasons stated below, the Commissioner's motion for judgment on the pleadings is denied, Plaintiff's motion is granted, the Commissioner's decision is reversed, and the case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) (2006).

**BACKGROUND**

On November 25, 2002, Plaintiff, at the time 34 years of age, applied for Supplemental Security Income payments under Title XVI claiming that as of May 2, 1991, he has been unable to work as a result of a March 15, 1991, gunshot wound to his right arm. (Record, at 25.) Plaintiff's application was initially denied on May 2, 2003, and he requested a hearing. The hearing was held on June 14, 2005, via video conference in Rochester, New York, before ALJ Karen B. Peters, who issued a decision on August 15, 2005, finding that Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on November 21, 2006, making the ALJ's decision the final decision of the Commissioner. Plaintiff filed this action for review on January 18, 2007.

**DISCUSSION**

I.   Jurisdiction and Scope of Review

This court has jurisdiction to hear claims based on the denial of Social Security benefits. 42 U.S.C. § 405(g). Additionally, the statute directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v NLRB*, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether the Commissioner's findings were supported by substantial evidence. *See Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits

case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Lynn v. Schweiker*, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Because the Court determines that the Commissioner failed to apply *res judicata* to a prior ALJ's ruling, and that the Commissioner's finding, with respect to Plaintiff's ability to perform the functions of an usher, escort, or messenger, is not supported by substantial evidence contained in the record, the Commissioner's motion for judgment on the pleadings is denied, and plaintiff's cross-motion for judgment on the pleadings is granted.

    II.    <u>Res Judicata.</u>

Plaintiff's first argument against affirmation of the Commissioner's decision is that the Commissioner ignored the results of a prior decision issued by another ALJ, and that such prior decision is binding on the Commissioner. The Commissioner responds that since the present appeal is from a new application, not a dispute about continuation of previous benefits, neither *res judicata* nor *collateral estoppel* applies. The Court disagrees with the Commissioner.

Plaintiff was found disabled by ALJ Stanley A. Moskal Jr. in a decision dated September 10, 1992. A copy of the decision is attached to Plaintiff's memorandum of law. ALJ Moskal was adjudicating Plaintiff's May 2, 1991, application for Supplemental Security Income and determined that Plaintiff was disabled for the period under consideration. In his decision, ALJ Moskal wrote,

> While not meeting the strict criteria of section 1.13, it is clear that the nature of the claimant's injury and the medical treatment planned would be the equivalent of a series of staged surgical procedures, and the undersigned therefore finds that the claimant is disabled, within the meaning of the Social Security Act, as suffering from an impairment equivalent to 1.13.[1]

Decision, *In re Joseph Singletary*, No. XXX-XX-5813 (Dep't of Health and Human Services, Social Security Admin., Office of Hearings and Appeals, Sept. 10, 1992), at 2. As a result of incarceration[2] subsequent to that decision, Plaintiff's benefits stopped and his disability "ceased in November 1996," for reasons not explained in the current decision under review. (Record at 29.) Neither counsel nor the Court's own research has revealed any Second Circuit precedent on the issue of *res judicata* in this factual scenario. Plaintiff cites to *De Leon v. Sec'y of Health & Human Services*, 734 F.2d 930, 937 (2d Cir. 1984), among other cases. Although the issue in *De Leon* was whether benefits could continue, the Second Circuit wrote that, "[t]he view that the Secretary may simply disregard a prior finding that a particular medical condition is disabling is inconsistent with the case law in other circuits." *Id*. (citations omitted). The Second Circuit wrote further that the cases it cited from other circuits stood "for the proposition that, having once established that a particular condition is disabling, a claimant is entitled to a presumption that as long as there

---

[1] Referring to § 1.13 of the Listings, 20 C.F.R. Part 404, Appendix 1 to Subpart P, which provided as follows:"Soft tissue injuries of an upper or lower extremity requiring a series of staged surgical procedures within 12 months after onset for salvage and/or restoration of major function of the extremity, and such major function was not restored or expected to be restored within 12 months after onset." *Klawitter v. Secretary*, No. 93-CV-54E(H), 1994 U.S. Dist. LEXIS 20923 (W.D.N.Y. May 5, 1994).

[2] Plaintiff was convicted of assaulting his girlfriend with a knife and was incarcerated for six years. (Record at 29, 318.)

is no change in the condition itself, or in the governing statutes or regulations, neither will the statutory classification of disability be changed." *Id*.

Since the case before this Court involves an initial determination on a new application, *De Leon* is distinguishable from the present situation. However, the principle expressed in *De Leon* was expanded upon by the Sixth Circuit in a case the Court's research found: *Drummond v. Commissioner of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). *Drummond*, unlike *De Leon*, involved an initial determination on a third application for benefits following an earlier award of benefits on a prior application. The Sixth Circuit, relying on the reasoning of the Fourth Circuit's decision in *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987), held that, "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Drummond*, 126 F.3d at 842. The Sixth Circuit explained the application of *res judicata* in general to administrative decisions thus:

> *Res judicata* is a common-law concept which prescribes that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351 (1876)). *Res judicata* and the related concept of *collateral estoppel* (which refers to issue preclusion) are intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Id*. (citing *Montana v. United States*, 440 U.S. 147, (1979)). *Res judicata* bars the relitigation of the same claim or cause of action while *collateral estoppel* bars the relitigation of the same issue.
>
> Courts have traditionally applied the concept of *res judicata* to decisions by administrative agencies when a final judgment has been reached. "When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose." *United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 422 (1966).

*Drummond*, 126 F.3d at 840. Here, ALJ Peters specifically held that the prior decision by ALJ Moskal was not binding on her. (Record at 33.) She arrived at that conclusion by finding that the determination of November 1996 terminating Plaintiff's benefits, the benefits that ALJ Moskal awarded to him, was administratively final and binding. She does

not discuss, however, whether the benefits were terminated because of "evidence of an improvement in claimant's condition…," or that the Social Security Administration, when terminating the benefits, honored Second Circuit precedent that "a claimant is entitled to a presumption that as long as there is no change in the condition itself, or in the governing statutes or regulations, neither will the statutory classification of disability be changed." *De Leon*, 734 F.2d at 937. In fact, ALJ Peter's decision is vague on the reason why the benefits were terminated. All she specifically mentions is the statutory duty to suspend *payments* during the time Plaintiff was incarcerated (Record at 33). 42 U.S.C. § 402(x) (2004). In fact, Plaintiff suggested in a memorandum to the Appeals Council that his previous benefit payments were suspended pursuant to § 402(x), then terminated after twelve months of nonpayment, without any finding that his physical condition had improved. (Record at 17.) ALJ Peters' decision refers to "the paucity of current medical evidence of record," but discounts ALJ Moskal's determination because he did not consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner as required by 20 C.F.R. § 416.926(b) (2006).[3] (Record at 31.) She does not, however, discuss the legal basis for *any* reconsideration of ALJ Moskal's earlier finding with respect to the binding effect of that prior decision. (*Cf.* Record at 31 (discounting ALJ Moskel's almost 13-year-old decision), *with* Record at 33 (reciting a two-year limitation on reopening old decisions).) The Commissioner's counsel echos ALJ Peters' reasoning in support of his argument here for not applying *res judicata*. The Commissioner states that, "[c]ontrary to [P]laintiff's assertion, there is no identity of issue between prior determinations and the determination before this Court." (Commissioner's Reply Mem. of Law at 2.)

---

[3]This regulation was amended prior to ALJ Moskal's decision on February 11, 1991, adding this language: "We will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence. (See § 416.1016.)." *See* 62 F.R. 6408, 6424.

The Court disagrees with the Commissioner's position and finds the reasoning in *Drummond* and *Lively* persuasive authority for applying the principle of *res judicata* in this case. *See also* 42 U.S.C. § 405(h) (2006) ("The findings and decisions of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing."); 20 C.F.R. § 404.957(c)(1) (1994) (applying the principle of *res judicata* to decisions of the Commissioner to justify dismissal of a hearing request before an ALJ). Since the Court determines that the ALJ committed an error of law, the Commissioner's decision must be reversed and the case remanded for analysis of the *res judicata* effect of ALJ Moskal's prior decision. The Court also finds persuasive the Sixth Circuit's determination in a situation such as the one at bar, "[t]he burden is on the Commissioner to prove changed circumstances and therefore escape the principles of *res judicata*." *Drummond*, 126 F.3d at 843. The ALJ failed to thoroughly address this issue. (*See* Record at 34 ("The 2003 opinion of the Consultative Examiner would support a finding of medical improvement over 1992 if one were required.").)

Further, even if the principle of *res judicata* did not require giving binding effect to ALJ Moskal's prior determination of disability, Plaintiff has shown that the Commissioner's finding that he is capable of performing the jobs of usher, escort, or messenger, is unsupported by substantial evidence in the record. The record does not show that Plaintiff is capable of reading at a level sufficient to perform those jobs. The Vocational Expert testified merely that although Plaintiff's prior work would have required some adaption to the math, language and reasoning required to perform those jobs, "without additional information, I really can't say that he is functionally illiterate." (Record at 358.) This inverse inference is not substantial evidence that Plaintiff is capable of performing the math, language and reasoning required for the positions advocated by the Vocational Expert.

Since this case will be remanded, the Court must also address Plaintiff's claim that ALJ Peters was biased. Plaintiff has relied on the Eastern District of New York's decision in *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 292 (E.D.N.Y. 2004):

> The court agrees with the Eleventh Circuit that the impartiality of the ALJ is "integral to the integrity of the [disability review process]." *Miles* [*v. Chater*], 84 F.3d [1397] at 1401 [11th Cr. 1996] (internal citations omitted). Accordingly, in light of 20 C.F.R. § 404.940, as well as the case law discussed above, remand to a new ALJ will be necessary in those situations which compromise that integrity. Specifically, when the conduct of an ALJ gives rise to serious concerns about the fundamental fairness of the disability review process, remand to a new ALJ is appropriate. Factors for consideration in this determination include: (1) a clear indication that the ALJ will not apply the appropriate legal standard on remand; (2) a clearly manifested bias or inappropriate hostility toward any party; (3) a clearly apparent refusal to consider portions of the testimony or evidence favorable to a party, due to apparent hostility to that party; (4) a refusal to weigh or consider evidence with impartiality, due to apparent hostility to any party.

*Sutherland*, 322 F. Supp. 2d at 292. Plaintiff refers to the ALJ's comments made during the hearing and in her decision as evidence of the "hostility harbored against" Plaintiff. For example, the ALJ observed that "after leaving prison, he found a comfortable berth with a woman to take care of him, and hopes for a check to continue the non-working lifestyle he has perused since 1989." (Record at 34.) That comment was preceded by the following observation: "[i]n the opinion of the undersigned, claimant is and has been since he got out of prison, essentially a physically healthy one armed man." (*Id*.) At the hearing, Plaintiff testified that he had "a girlfriend or somebody like that that is kind enough to do all that for" him. (Record at 316.) The "that" to which he referred was laundry. Right after answering the question about doing laundry, Plaintiff testified in response to the ALJ's question about how long he had had a girlfriend: "I always have a girlfriend. I'm not being funny, I'm sorry. But yes—." (Record at 316.) He also testified that his girlfriend came to his house on a daily basis. (*Id*.) Thus, the record does offer support for the ALJ's opinion that Plaintiff had a comfortable berth, living with his brothers, and a woman to take care of his needs. Moreover, the remainder of the incidents Plaintiff cites as examples of inappropriate comments throughout the proceeding do not, in the Court's opinion, support an argument

that the ALJ in this case would not apply the appropriate legal standard on remand, clearly manifested bias or inappropriate hostility toward Plaintiff, clearly refused to consider portions of the testimony or evidence favorable to Plaintiff, or refused to weigh or consider evidence with impartiality, due to apparent hostility to any party. The ALJ's comments were based on the evidence adduced at the hearing from Plaintiff's own testimony. The Court, therefore, declines to direct the Commissioner to assign this case to another ALJ upon remand.

## CONCLUSION

For the reasons set forth above, the Court grants plaintiff's cross-motion (# 7) for judgment on the pleadings, and denies defendant's motion (# 5) for judgment on the pleadings. This action is remanded under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner to reassess the application of *res judicata* consistent with the case law cited above.

    IT IS SO ORDERED.

Dated:  January 22, 2008
          Rochester, New York

                    ENTER:

                                  /s/ Charles J. Siragusa
                                  CHARLES J. SIRAGUSA
                                  United States District Judge